IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE EVERETT NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1477−JPG |
| | ) | |
| RICHARD J. WATSON, | ) | |
| PHILLIP MCLAURIN, | ) | |
| MISSY, and | ) | |
| KEMPT | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lee Everett Nichols, a pre-trial detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff was arrested and incarcerated in the St. Clair County Jail on July 15, 2017. (Doc. 1, p. 5). Since his arrest, he alleges that the public has toured the jail on at least 4 occasions: 1) April 6, 2018, May 10, 2018, June 6, 2018, and July 12, 2018. *Id*. When Plaintiff objected to the practice, arguing that he was not there to entertain others, Kempt told him to get over it. *Id*. Sgt. Missy concurred and told Plaintiff he had no rights. *Id*. Plaintiff alleges that McLaurin schedules the walkthroughs of the jail. (Doc. 1, pp. 2, 6). Watson approves the scheduled appointments. (Doc. 1, p. 6).

Plaintiff alleges that the tours are an affront to his dignity and privacy, and that they constitute harassment, intimidation, and abuse. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1** – Plaintiff's Fourteenth Amendment rights were violated by the public walkthroughs of the St. Clair County Jail on April 6, 2018, May 10, 2018, June 6, 2018, and July 12, 2018.

The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). The court must weigh whether the provision is intended to punish or whether it is an expression of a legitimate governmental purpose. *Bell*, 441 U.S. at 538. Intention to punish may be shown by an express statement to that effect, or by a showing that there is an alternate means of satisfying the purpose at issue or that the provision at issue is excessive in relation to the stated purpose. *Id*.; *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (U.S. 2015). "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal–if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment. . . ." *Bell*, 441 U.S. at 539; *Miranda v. County of Lake*, 900 F.3d 335, -- 2018 WL 3796482 at *11 (7th Cir. 2018).

The Court has not found a case regarding the constitutionality of jail tours, but at the pleading stages, Plaintiff has made a plausible allegation that the jail tours are having a punitive effect. According, this claim survives threshold review, and the Court will order service on the Defendants.

## **Pending Motions**

Plaintiff has also moved the Court to appoint him counsel. (Doc. 4). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*,

64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at *2 (S.D.Ill. April 27, 2010). Plaintiff's Motion left the section blank that asks about his attempts to recruit counsel. He then writes that attorneys do not want to call him back because of Defendant Watson. This does not provide sufficient information for the Court to conclude that Plaintiff has made a reasonable effort to recruit counsel. Should Plaintiff wish to seek recruitment of counsel in the future, he should provide the names and addresses of any attorneys he contacted, and attach any correspondence from those attorneys as exhibits. But some un-returned phone calls do not establish a reasonable attempt at recruiting counsel. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 4).

The Court also notes that Plaintiff has requested injunctive relief. Nothing in the Complaint suggests that Plaintiff is pursuing a preliminary injunction. If Plaintiff wishes to pursue a preliminary injunction, he should file a motion on that point.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Watson, McLaurin, Missy, and Kempt. Plaintiff's Motion for Recruitment of Counsel is **DENIED without prejudice**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Watson, McLaurin, Missy, and Kempt: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

s/J. Phil Gilbert
**U.S. District Judge**